IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RAFAEL JIMINEZ VASQUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:21-CV-129-Z |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY RELIEF

Petitioner, Rafael Jiminez Vasquez, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by a person in federal custody. Having considered the motion, the response, the reply,[1] the record, and applicable authorities, the undersigned concludes that relief should be DENIED.

### BACKGROUND

The record in the underlying criminal case, No. 2:19-CR-037-Z, reflects the following:

On February 28, 2019, Petitioner was named in two-count indictment charging him in count one with conspiracy to distribute and possess with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation 21 U.S.C. § 846, and in count two with possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). (CR ECF 22). Joseph D. Batson was appointed to represent Petitioner. (CR ECF 14). On March 4, 2019, Petitioner entered a plea of not guilty. (CR

---

[1] The reply is titled "Traverse." (ECF 7).

ECF 28). The Court issued a scheduling order (CR ECF 31), and Petitioner filed three separate motions to continue. (CR ECF 41, 62, 70). In each instance, the motions cited the language barrier between counsel and Petitioner, a Mexican citizen, and need for a translator as a reason more time was needed. In addition, the motions reflected that discussions were ongoing with the U.S. Attorney's office as to a plea. (*Id.*). Ultimately, Batson filed a motion to withdraw, reciting that he had met with Petitioner and conferred through a translator on multiple occasions, and representing that a conflict had arisen such that the attorney-client relationship had been irreparably damaged. (CR ECF 72). The Court granted the motion, allowed Batson to withdraw, and appointed Felipe Zavala to represent Petitioner. (CR ECF 73).

On November 7, 2019, Petitioner was named in a superseding information charging him with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (CR ECF 76). Petitioner and Zavala signed a waiver of indictment (CR ECF 77), a factual resume setting forth the elements of the offense charged by the superseding information and the stipulated facts establishing that Petitioner had committed that offense (CR ECF 81), and a plea agreement pursuant to which Petitioner waived his right to appeal or pursue habeas relief except in certain limited circumstances. (CR ECF 79). On November 22, 2019, Petitioner and Zavala appeared in open court and Petitioner entered his plea of guilty to the superseding information. (CR ECF 83). Petitioner testified under oath that: The superseding information was translated for him and he had fully discussed the charge with his attorney and understood the elements of it; he was fully satisfied with his attorney; he understood his right to be charged by a grand jury and waived that right; no threats or promises had been made to induce him to waive his right to indictment; he had read the plea agreement and it had been translated for him; he understood its terms and signed the plea

2

agreement; no one had threatened him or attempted to force him to plead guilty and he was pleading guilty voluntarily because he was guilty; he understood the rights he was waiving by pleading guilty; he understood the penalties he faced; no one had made any promise as to the sentence he would receive and he understood that the district judge would make that decision; he understood that he was waiving his right to appeal except in limited circumstances; he understood everything in the factual resume and it was true and correct in every respect. (CR ECF 118). The undersigned issued a report and recommendation that the guilty plea be accepted. (CR ECF 85). No objections were filed and the Court adopted the recommendation. (CR ECF 87).

The probation officer prepared the presentence report ("PSR"), which reflected that Petitioner's base offense level was 36. (CR ECF 88, ¶ 25). He received a two-level and a one-level reduction for acceptance of responsibility. (*Id.* ¶¶ 32, 33). Based on a total offense level of 33 and a criminal history category of III, Petitioner's guideline imprisonment range was 168 to 210 months. (*Id.* ¶ 76). The PSR also noted that Petitioner was eligible for deportation. (*Id.* ¶ 80). Petitioner filed objections (CR ECF 92), and the probation officer prepared an addendum to the PSR, noting in particular that Petitioner had recruited his codefendant to transport drugs. (CR ECF 93).

The Court sentenced Petitioner to a term of imprisonment of 168 months. (CR ECF 107). Petitioner appealed. (CR ECF 109). He requested that new counsel be appointed for appeal. His request was granted and Zavala withdrawn. (CR ECF 112). Robert R. Bell was appointed as appellate counsel. (CR ECF 113). Bell filed a motion pursuant to *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Fifth Circuit granted Bell's motion to withdraw and dismissed the appeal, agreeing that there was no non-frivolous issue to be presented. *United States v. Vasquez*, 846 F. App'x 301 (5th Cir. 2021).

## GROUNDS OF THE MOTION

Petitioner sets forth four grounds in support of his motion. He alleges that he received ineffective assistance of counsel from both Batson and Zavala, that his guilty plea was unknowing and involuntary, and that his due process rights were violated when he pled guilty to a charge that was not presented to a grand jury. (ECF 2 at 8–9; ECF 3).

## STANDARDS OF REVIEW

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); see also *Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; see also *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## **ANALYSIS**

The entry of a guilty plea waives all nonjurisdictional defects in the proceedings, including all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). This includes claims regarding failure to investigate or challenge police misconduct or the like. *United States v. Glinsey*, 209 F.3d

5

386, 392 (5th Cir. 2000).

Here, Petitioner alleges that his guilty plea was not knowing and voluntary because of the conduct of his counsel. However, his allegations are wholly conclusory and do not suffice to raise a constitutional issue. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (although pleadings of *pro se* litigants are liberally construed, they must still provide sufficient facts in support of their claims). In particular, conclusory allegations of ineffective assistance of counsel do not raise any constitutional issue in a federal habeas proceeding. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). The petitioner must plead and prove the particular professional failure and show how, but for that failure, the result of the proceeding would have been different. *Knighton v. Maggio*, 740 F.2d 1344, 1349 (5th Cir. 1984).

In this case, Petitioner alleges, for example, that Batson failed to present any defense and failed to investigate the lack of evidence against Petitioner. One who alleges failure to investigate must allege with specificity what exculpatory evidence his counsel would have learned through the investigation. *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989). He must show that the evidence would have been material and beneficial to his defense. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994). Petitioner makes no attempt to do so.

Petitioner alludes to a Fourth Amendment violation in regard to the search of the vehicle in which he was a passenger, saying the officer never asked Petitioner if he "knew english making it unkowing [sic] and illegal search and seizure." (ECF 3 at 2). Where a petitioner alleges failure to litigate a Fourth Amendment claim, he must prove that such claim is meritorious. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). In addition, he must show that but for counsel's error, he would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S.

6

52, 59 (1985). He has made no attempt to do so here.[2]

Petitioner's allegations regarding the conduct of Zavala are equally conclusory. He alleges that Zavala failed to object to the superseding information, never explained the waiver of indictment, and stipulated to evidence the government could not prove. (ECF 3 at 8). Further, he alleges that Zavala was nothing but a government agent and spy controlling the acquisition of evidence. (*Id.* at 10). He does not allege any specific facts to support any of his allegations.

Any claim that Petitioner's plea was not knowing and voluntary is belied by the record. He testified under oath to the facts that established that his plea was knowing, voluntary, and intelligent. Specifically, he understood that he had a right to an indictment by a grand jury and that he waived that right. No one had threatened or coerced him or promised him anything to waive his rights or to enter into a plea of guilty to the superseding information. He understood the elements of the offense to which he was pleading guilty and he committed all of them. He understood that he faced a term of imprisonment of up to twenty years. He had understood, discussed with his counsel, and signed the factual resume and plea agreement. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his waiver of indictment, factual resume, and plea agreement are entitled to the presumption. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081–82 (5th Cir. 1985). Petitioner's plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Other than his conclusory allegations to the contrary, he has made no attempt to

---

[2] As Respondent notes, Petitioner represents that he was not the driver or renter of the vehicle. (ECF 6 at 10). Passengers who assert neither a property nor a possessory interest in the automobile that was searched, nor any interest in the seized property, have no legitimate expectation of privacy entitling them to the protection of the Fourth Amendment. *United States v. Iraheta*, 764 F.3d 455, 461 (5th Cir. 2014).

show otherwise.

Finally, although the Court need not reach the issue, as Respondent notes, Petitioner's third and fourth grounds are procedurally defaulted and waived in any event. (ECF 6 at 14–17).

## **RECOMMENDATION**

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion of Petitioner, Rafael Jiminez Vasquez, be DENIED.

## **INSTRUCTIONS FOR SERVICE**

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on August 3, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).